# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**BRIO CORPORATION,**

            Plaintiff,

                                            **Case No. 06-C-1001**

      -vs-

**MECCANO S.N.,**

           Defendant.

## DECISION AND ORDER

The plaintiff, Brio Corporation ("Brio"), is a Wisconsin corporation with its principal place of business in Germantown, Wisconsin. The defendant, Meccano S.N. ("Meccano"), is a business organized under the laws of France. In May 2001, Brio entered an agreement with Meccano to become the exclusive American distributor of Meccano's Erector-brand toys. After Meccano terminated the agreement, Brio brought suit in Wisconsin[1] under the Wisconsin Fair Dealership Law ("WFDL"). Meccano moves to dismiss in light of the agreement's forum selection clause, which requires that all disputes be resolved in the Commercial Court of Calais, France.[2] For the reasons that follow, the forum selection clause is unenforceable, and Meccano's motion is denied.

---

[1] Meccano removed this action from Washington County Circuit Court, invoking the Court's diversity jurisdiction. *See* 28 U.S.C. § 1332. The Court has jurisdiction because the parties are diverse and the amount in controversy exceeds $75,000.00. *Id.*

[2] The forum selection clause provides that the "parties hereto hereby irrevocably submit the exclusive jurisdiction of the Tribunal de Commerce de Calais, FRANCE." (Docket No. 11-2; Rambaud Declaration, Exhibit C, § 14).

Meccano's motion is properly brought under Fed. R. Civ. P. 12(b)(3) (dismissal for improper venue). It is well-established – under both federal and Wisconsin law – that a forum selection clause is presumptively valid and enforceable. *See, e.g., M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 9-10 (1972); *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1290-91 (7th Cir. 1989) (forum-selection clause will be enforced unless there is a "strong showing that it should be set aside"); *Kohler Co. v. Wixen*, 204 Wis. 2d 327, 339, 555 N.W.2d 640, 645 (Ct. App. 1996). Such a clause can be set aside only if it is unreasonable, unjust, or if its enforcement violates a strong public policy. *See M/S Bremen*, 407 U.S. at 15-20; *Beilfuss v. Huffy Corp.*, 274 Wis. 2d 500, 509-10, 685 N.W.2d 373, 378 (Ct. App. 2004) (Wisconsin approach to forum-selection clauses is based on *M/S Bremen*). Brio argues that enforcement of the forum selection clause would run counter to the strong public policies reflected in Wisconsin's dealership law (the WFDL).

The distribution agreement also includes a choice of *law* provision.[3] However, the WFDL "may not be varied by contract or agreement. Any contract purporting to do so is void and unenforceable to that extent only." *See* Wis. Stat. § 135.025(3). Accordingly, "the law is settled that this Court must apply the provisions of the WFDL notwithstanding" any choice-of-law clause to the contrary. *See Ferguson-Kubly Industrial Services, Inc. v. Circle Environmental, Inc.*, 409 F. Supp. 2d 1072, 1076 (E.D. Wis. 2006). Meccano appropriately concedes that the choice-of-law provision is unenforceable.

---

[3] "The Agreement shall be governed and construed in accordance with the laws of France . . ." (Docket No. 11-2; Rambaud Declaration, Exhibit C, § 14).

-2-

Still, Meccano argues that the forum selection clause is enforceable, and that the Commercial Court in France is an appropriate forum for Brio's WFDL claims. Stated more precisely, Meccano argues that the Commercial Court in France is an appropriate forum for Brio's *claims*, whether or not the WFDL applies to the underlying dispute. Meccano believes it can demonstrate that Brio does not have a "dealership" protected by the WFDL because Brio does not share a "community of interest" with Meccano. But for purposes of this motion, the Court must assume that the WFDL applies. Either way, the French court would be faced with the task of deciding if the WFDL applies to Brio's claims, and if it does, whether Meccano violated the WFDL.

Unfortunately, the WFDL does not speak as clearly regarding forum selection clauses. One provision states that if "any grantor violates this chapter, a dealer may bring an action against such grantor in *any court of competent jurisdiction* for damages sustained by the dealer as a consequence of the grantor's violation . . ." Wis. Stat. § 135.06 (emphasis added). Therefore, Meccano argues that the WFDL contemplates that other jurisdictions (including foreign jurisdictions) can interpret and apply the WFDL, so long as it is a court of "competent jurisdiction."

It is certainly true that courts in other jurisdictions can competently interpret and apply the WFDL. But a more natural reading of § 135.06 suggests that a forum selection clause violates the *dealer's right* to bring suit in the dealer's forum of choice. The express language of § 135.06 focuses on the dealer's right to bring suit "in any court of competent jurisdiction" if a grantor violates the WFDL. *See, e.g., Brown Dog, Inc. v. Quizno's Franchise Co., LLC*,

No. 04-C-0018-C, 2004 WL 1114427, *3 (W.D. Wis.) ("It would be contrary to Wisconsin's strong public policy to permit enforcement of contractual provisions that *limit dealers' rights to bring actions in their choice of courts of competent jurisdiction*") (emphasis added). Therefore, Brio's right to "bring a claim for violation of [the WFDL] 'in any court of competent jurisdiction' is infringed by a contractual provision specifying that such claims might be brought only in some courts and not in others that, absent that provision, would be competent to adjudicate the claim." Bowen & Butler, *The Wisconsin Fair Dealership Law* (3d ed. 2003), § 14.8.

Moreover, while other jurisdictions can interpret and apply the WFDL, the Court is aware of no dealership case enforcing a forum selection clause where the designated forum is in a foreign country. This is not to say that the commercial courts in France are incompetent or hostile to the interests of American companies. But at the very least, a court presiding in another jurisdiction in *this* country is more likely to have experience with the WFDL or a similar dealership statute from another state.[4] It is not provincial to suggest that a district court in Wisconsin is better prepared to consider a case under the WFDL than a court in France. *See, e.g., Cutter v. Scott & Fetzer Co.*, 510 F. Supp. 905, 908 (E.D. Wis. 1981) ("It is likely that a court in this district is better prepared to consider a case under the Fair Dealership Law than is a court in Ohio"); *Van's Supply & Equipment, Inc. v. Echo, Inc.*, 711 F. Supp. 497, 503 (E.D. Wis. 1989) ("a federal court sitting in Wisconsin is more likely to be familiar with the intricate statute and apply it correctly").

---

[4] According to Brio, sixteen (16) other states have dealership or franchise relationship laws.

-4-

Further, this appears to be a case where Brio could lose the protections of the WFDL if litigated in another forum. As noted above, Meccano does not concede that the WFDL applies in the first instance. It is entirely possible that a French court would disregard the WFDL, either through application of its choice of law rules or by enforcing the choice of law provision in the agreement.[5] Similarly, this Court may ultimately decide that Brio cannot state a claim under the WFDL. But for now, the Court must assume that Brio can state a WFDL claim. *See, e.g., Ferguson-Kubly*, 409 F. Supp. 2d at 1076 ("Assuming that [the dealer] meets the statutory criteria to receive the protections of the WFDL, the Court will disregard the parties' prior agreement to apply South Carolina law"). Accordingly, Brio is presumptively entitled to the protections of the WFDL.

Therefore, in light of Wisconsin' strong public policy of protecting dealers through the provisions of the WFDL, the clause designating France as the exclusive jurisdiction for disputes under the distribution agreement is unenforceable.

---

[5] In this respect, the unpublished case provided by Meccano is distinguishable. (Docket No. 11-3, Exhibit 2 *Sundstrom v. Emerging Vision, Inc.*, Case No. 04-C-0460 (E.D. Wis. Nov. 1, 2004)). The *Sundstrom* court noted that there was no danger of the dealer losing the protections of the WFDL if the case was transferred to another forum because the agreement provided that any claim under the agreement was governed by the WFDL. (*Id.* at 10). Therefore, the forum selection clause in *Sundstrom* did not represent an effort to circumvent the WFDL.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Meccano's motion to dismiss [Docket No. 10] is **DENIED**.

Dated at Milwaukee, Wisconsin, this 5th day of September, 2007.

**SO ORDERED,**

**s/ Rudolph T. Randa**
**HON. RUDOLPH T. RANDA**
**Chief Judge**