**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

**BRIO CORPORATION,**

        **Plaintiff,**

  v.                                             **Case No. 06-C-1001**

**MECCANO S.N.,**

        **Defendants.**

---

### DECISION AND ORDER

---

This Decision and Order addresses Plaintiff Brio Corporation's ("Brio") motion to supplement and amend its complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. Defendant Meccano S.N. ("Meccano") asserts the motion is untimely, having been filed more than nine months after the Court's deadline for amending pleadings. Meccano also maintains that Brio has failed to suggest "good cause" for the amendment of the pleadings as required by Rules 16(b) and 15, has not complied with Civil Local Rule 7.1(a) (E. D. Wis.), and has not suggested that it was previously unaware of the facts that might justify an amendment of the complaint.

Civil Local Rule 7.1(a) requires: "[E]very motion must set forth the rule pursuant to which it is made and, except for those brought under Civil L.R. 7.4 (Expedited Non-Dispositive Motion Practice), must be accompanied by (1) a supporting brief and, when necessary, affidavits or other documents, or (2) a certificate of counsel stating that no brief or

other supporting documents will be filed." Further, Civil Local Rule 7.1(a) provides: "If the movant fails to comply with either (1) or (2) above, the Court may deny the motion as a matter of course."

Brio's motion does not comply with the rule because it is not accompanied by a brief or a certificate of counsel stating that no brief or other supporting documents would be filed. Thus, the Court could deny the motion as a matter of course. Counsel is admonished to comply with the Local Rules of this District.

However, the Court will consider the motion. Rule 16(b)(4) of the Federal Rules of Civil Procedure states that a "schedule may be modified only for good cause and with the judge's consent." To amend a pleading after the expiration of the Court's scheduling order deadline to amend pleadings, the moving party must show "good cause." *See Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (citing Fed. R. Civ. P. 16(b)). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Id.* (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992)).

If that test is satisfied, then the Court must evaluate the motion under the criteria for amendment of pleadings provided for by Rule 15 of the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 15(a) provides that if a party is not entitled to amend a pleading as a matter of course, it may amend "with the opposing party's written consent or the court's leave." The Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

"Although the rule reflects a liberal attitude towards the amendment of pleadings, courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Soltys v. Costello*, 520 F.3d 737, 742 (7th Cir. 2008) (quoting *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 848-49 (7th Cir. 2002)). Delay on its own is usually not reason enough for a court to deny a motion to amend. *Soltys*, 520 F.3d at 742.

With respect to good cause for modification of the scheduling order, the Court relies upon the Beilfuss affidavit[1] that states there has been very little activity in the nine months since the Court entered the scheduling order to the date of Brio's motion to amend because the parties were engaged in settlement negotiations for months. Beilfuss also states that, since the case has been active, only the submission of witness lists, Brio's expert reports, and the exchange of written discovery have occurred. He further states that no depositions have been taken and there are several months before the discovery cutoff.[2] Under these circumstances, where the parties were engaged in protracted settlement negotiations, the Court concludes that Brio acted diligently and has met its burden of establishing good cause for amendment of the scheduling order.

Brio relies, in part upon Rule 15(d), asserting it is supplementing its complaint. Rule 15(d) of the Federal Rules of Civil Procedure provides a mechanism by which a party

---

[1] The signature was omitted from the Beilfuss affidavit.

[2] The Court's September 4, 2008, Order Modifying Scheduling Order requires that all requests for discovery be served sufficiently early so that all discovery in this case can be completed no later than January 31, 2009.

may supplement a pleading with any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. There is no indication that Brio's promissory estoppel claim is based on a transaction, occurrence, or event postdating its amended complaint filed on January 7, 2008. Therefore, Brio's reliance on Rule 15(d) is not supported by the facts.

With respect to amendment of the complaint under Rule 15(a)(1)(A), Meccano does not suggest that it would suffer undue prejudice as a result of the amendment or that amendment of the complaint to add a promissory estoppel claim would be futile. Brio has also not unduly delayed the amendment of its complaint. Amendment of the complaint would have been unnecessary if the parties had settled this dispute. Furthermore, the Court is satisfied that justice requires that Brio be allowed to amend its complaint. Therefore, pursuant to Rule 15(a)(1)(A), Brio's motion to amend is granted.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Brio's motion to amend its complaint (Docket No. 53) is **GRANTED**.

The Clerk of Court **IS DIRECTED TO FILE** the "supplemental and amended complaint," Ex. A to Docket No. 53.

Dated at Milwaukee, Wisconsin this 4th day of December, 2008.

**BY THE COURT**

*s/ Rudolph T. Randa*
**Hon. Rudolph T. Randa**
**Chief Judge**